# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **COY G. TOMLINSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-05-286-FHS-SPS |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

The claimant Coy G. Tomlinson requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that he was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national

economy . . ." *Id*. § 423 (d)(2)(A).  Social security regulations implement a five-step sequential process to evaluate a disability claim.  *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries:  first, whether the decision is supported by substantial evidence; and second, whether the correct legal standards were applied.  *Hawkins v. Chater*, 114 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted].  The term substantial evidence means "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and "the substantiality of the evidence must take into account whether the

---

[1] Step one requires claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that claimant establish she has a medically severe impairment or combination of impairments that significantly limit her ability to do basic work activities.  *See id*. §§ 404.1521, 416.921.  If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that she does not retain the residual functional capacity (RFC) to perform her past relevant work.  If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant–taking into account her age, education, work experience, and RFC–can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

record detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias* 933 F.2d at 800-801.

**Claimant's Background**

The claimant was born on April 8, 1974, and was 30 years old at the time of the administrative hearing. He has a GED and previously worked as a ranch hand and laborer. The claimant alleges he has been unable to work since April 1, 2002, because of back problems, eye problems from a gunshot wound, and depression.

**Procedural History**

On September 16, 2002, the claimant protectively filed an application for disability insurance benefits under Title II (42 U.S.C. § 401 *et seq.*). The application was denied. After a hearing on June 8, 2004, ALJ Michael Kirkpatrick found the claimant was not disabled in a decision dated November 12, 2004. The Appeals Council denied review, so the ALJ's decision represents the final decision of the Commissioner for purposes of this appeal. 20 C.F.R. § 404.981.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work, *i. e.*, the claimant could lift and/or carry ten pounds frequently and 20 pounds occasionally, stand and/or walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday with normal breaks. The claimant was further limited to only occasional stooping and, because he was blind in one eye, unable to perform work requiring depth perception or

binocular vision (Tr. 21). The ALJ concluded that although the claimant could not perform his past relevant work, he was nevertheless not disabled because he could perform other jobs in the regional and national economies, *e. g.*, arcade attendant, paper pattern folder, and cafeteria attendant (Tr. 23).

## Review

The claimant contends that the ALJ erred: (i) by improperly evaluating the medical evidence; (ii) by finding he had the RFC to perform substantial gainful activity; and, (iii) by improperly analyzing his credibility. In his first contention, the claimant argues that the ALJ improperly evaluated the opinion of treating physician Dr. Kent Smalley, M.D. The undersigned Magistrate Judge finds this argument persuasive.

The record reveals that the claimant was first seen by Dr. Smalley in March 2003 for pain (Tr. 407, 470). In July 2003, the claimant complained of cervical pain, back pain, dental pain, and headaches. Dr. Smalley noted the claimant had a great deal of fatigue, musculoskeletal pain, radicular pain, and depression (Tr. 401). Dr. Smalley ordered a CAT scan of the claimant's lumbar and cervical spines and shoulder (Tr. 403). He completed a medical source statement regarding the claimant's physical limitations in May 2004. He determined the claimant could perform no lifting or carrying, could not stand or walk, and could sit for less than one hour. The claimant's ability to push and/or pull with hand or foot controls was limited significantly, and he had to lie down during the workday to manage his pain. He required a brace or TENS machine. The claimant could never climb, stoop, kneel, crouch, crawl, or reach, but he could occasionally balance, handle, finger, and feel. Dr.

Smalley indicated the claimant was significantly disabled and based the restrictions he found on the claimant's multiple surgeries, cervical problems, and lumbosacral radiculopathy (Tr. 422-23).

A medical opinion from a treating physician is entitled to controlling weight "if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "consistent with other substantial evidence in the record. [I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 [quotations omitted]. The ALJ determined that the conclusions reached by Dr. Smalley on the medical assessment were not entitled to controlling weight because: (i) they were unsupported by any clinical signs or reports from providers, hospitals, or clinics; (ii) the assessment was based on the claimant's subjective complaints, which were not fully credible; and, (iii) they were not supported by Dr. Smalley's own treatment records (Tr. 21-22). Initially, the ALJ should not have rejected Dr. Smalley's opinion based on the belief that he relied only on the claimant's subjective complaints; such a finding was not an appropriate reason to reject the assessment. *Id*. at 1121 ("The ALJ also improperly rejected Dr. Hjortsvang's opinion based upon his own speculative conclusion that the report was based only on claimant's subjective complaints[.] . . . The ALJ had no legal nor evidentiary basis for [this] finding. Nothing in Dr. Hjortsvang's reports indicates he relied only on claimant's subjective complaints[.] . . . 'In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may

reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion*.'"), *quoting McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) [quotations omitted] [emphasis in original].

Assuming *arguendo* that the ALJ's other reasons provided support for not affording controlling weight to Dr. Smalley's assessment, he was nevertheless required to determine the proper weight to give Dr. Smalley's findings by analyzing all of the factors set forth in 20 C.F.R. § 404.1527, *see Langley,* 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in § 404.1527.'"), *quoting Watkins*, 350 F.3d at 1300 [quotation omitted], and the ALJ failed to do so. Those pertinent factors include the following: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and, (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001) [quotation omitted]. Further, in order to reject Dr. Smalley's opinions entirely, the ALJ was required to "give specific, legitimate reasons for doing so[,]" *id*. at 1301 [quotations omitted], so it was "clear to any

subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300. The ALJ failed to do any of this.

Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for a proper analysis of the opinions expressed by Dr. Smalley on the medical source statement. On remand, the ALJ should reconsider Dr. Smalley's assessment in accordance with these standards and determine what impact, if any, such reconsideration has on: (i) the claimant's credibility; (ii) the claimant's RFC; and, (iii) the claimant's ability to work.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Parties are herewith given ten (10) days from the date of this service to file with the Court Clerk any objections with supporting brief. Failure to object to the Report and Recommendation within ten (10) days will preclude appellate review of the judgment of the District Court based on such findings.

**DATED** this 14th day of May, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**